# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| LOCAL 295/LOCAL 851 IBT EMPLOYER GROUP PENSION TRUST AND WELFARE FUNDS AND DISTRICT NO. 9, I.A. OF M. & A.W. PENSION TRUST, EDWIN B. SHELTON, JACQUELINE DINWOODIE, JEFFREY J. WACKSMAN, and LEON H. LOEWENSTINE, Individually and on Behalf of All Others Similarly Situated, | CASE NO. 1:08-cv-421<br><br>(Judge Sandra S. Beckwith)<br><br>(Magistrate Judge Timothy S. Black) |
| Plaintiffs, | |
| vs. | |
| FIFTH THIRD BANCORP, FIFTH THIRD SECURITIES, FIFTH THIRD CAPITAL TRUST VI, FIFTH THIRD CAPITAL TRUST VII, KEVIN T. KABAT, CHRISTOPHER G. MARSHALL, DANIEL T. POSTON, DARRYL F. ALLEN, JOHN F. BARRETT, ULYSSES L. BRIDGEMAN, JR., JAMES P. HACKETT, GARY R. HEMINGER, JOAN R. HERSCHEDE, ALLEN M. HILL, ROBERT L. KOCH II, MITCHEL D. LIVINGSTON, PH.D., HENDRIK G. MEIJER, JAMES E. ROGERS, GEORGE A. SCHAEFER, JR., JOHN J. SCHIFF, JR., DUDLEY S. TAFT, BANC OF AMERICA SECURITIES LLC, BARCLAYS CAPITAL INC., CITIGROUP GLOBAL MARKETS INC., CREDIT SUISSE SECURITIES (USA) LLC, MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, MORGAN STANLEY & CO. INCORPORATED, UBS SECURITIES LLC, and WACHOVIA CAPITAL MARKETS, LLC, | |
| Defendants. | |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE CORRECTED CONSOLIDATED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS WITH MEMORANDUM IN SUPPORT**

I.   **MOTION**

Co-Lead Plaintiffs Local 295/Local 851 IBT Employer Group Pension Trust and Welfare Funds and District No. 9, I.A. of M. & A.W. Pension Trust ("The Pension Trust Funds") and Edwin B. Shelton ("Shelton") (collectively, "Lead Plaintiffs")[1] hereby move this Court for leave to file the attached Corrected Consolidated Class Action Complaint For Violations Of The Federal Securities Laws (the "Corrected Complaint") to correct an inadvertent, scrivener's error concerning the parties named in two of the counts asserting claims under Section 11 of the Securities Act of 1933 (the "Securities Act").[2]

II.   **MEMORANDUM IN SUPPORT OF MOTION**

   A.   **Background**

On April 3, 2009, Lead Plaintiffs filed the Consolidated Class Action Complaint For Violations Of The Federal Securities Laws (the "Consolidated Complaint")[3], alleging *inter alia* violations of §§11, 12(a)(2) and 15 of the Securities Act, 15 U.S.C. §§77k, 77l(a)(2), and 77o, against Fifth Third Bancorp ("Fifth Third" or the "Company"), the Company's senior officers, its Board of Directors, and the underwriters of the October 27, 2007 offering of Fifth Third Capital Trust VI, 7.25% Trust Preferred Securities (the "Preferred B Offering") and the April 29, 2008 offering of Fifth Third Capital Trust VII, 8.875% Trust Preferred Securities (the "Preferred C Offering").[4] ¶¶ 5-6, 62-79, 164-220.

---

[1] The Corrected Complaint is attached hereto as Exhibit A.

[2] The highlighted corrected pages are attached hereto as Exhibit B. The only changes in the Corrected Complaint are the addition of the Underwriter Defendants to the headings for Counts IV and IX, ¶¶170 and 203 and the table of contents for Counts IV and IX.

[3] The Consolidated Complaint is cited as "¶__."

[4] The "Underwriter Defendants" are Banc of America Securities LLC, Barclays Capital Inc., Citigroup Global Markets Inc., Credit Suisse Securities (USA) LLC, Merrill Lynch, Pierce, Fenner & Smith

Upon reading the Underwriter Defendants' Supplemental Memorandum in Support of Defendants' Motion to Dismiss filed on July 15, 2009, asserting that "[t]here are no claims against the Underwriter Defendants under Section 11 of the Securities Act,"[5] Lead Plaintiffs discovered the omission of these defendants from the headings and body of Counts VI and IX, alleging claims under Section 11 of the Securities Act. However, this omission was an inadvertent scrivener's error. While Lead Plaintiffs believe that the Consolidated Complaint can fairly be construed to allege Section 11 claims against the Underwriter Defendants, Lead Plaintiffs seek leave to file the Corrected Complaint to correct the scrivener's error and clarify the claims asserted against the Underwriter Defendants.

### B. The Consolidated Complaint Maintains The Section 11 Claims Against The Underwriter Defendants That Were Asserted In The Initial Complaints

The Underwriter Defendants have been defendants in this action since its commencement.[6] They were sued under Section 11 in the initial class action complaint filed on June 20, 2008 (*The Eshe Fund v. Fifth Third, et al*, Case No. 1:08-cv-00421-SSB-TSB, at docket entry number 1) and the subsequent class action complaint filed on August 12, 2008 (*Barnett v. Fifth Third Bancorp et al*, Case No.: 1:08-cv-00537-SSB-TSB, at docket entry number 1). These complaints have never been withdrawn or dismissed, and thus, most of the Underwriter

---

Incorporated, Morgan Stanley & Co. Incorporated, UBS Securities LLC., Wachovia Capital Markets, LLC and Fifth Third Securities. ¶¶ 62-79.

[5] Defendants' Motion to Dismiss Plaintiffs' Consolidated Class Action Complaint with Memorandum in Support ("Def. Mem.") contends at p. 86 n. 43 that the "only claims against the Underwriter Defendants are the Section 12(a)(2) claims based on the Preferred B Offering (Count VI) and Preferred C Offering (Count IV)."

[6] Defendants Barclays Capital Inc., Wachovia Capital Markets LLC and Fifth Third Securities were not named as defendants until the filing of the Consolidated Complaint.

2

Defendants have remained Section 11 defendants since the June 20, 2008 filing of the initial class action complaint.[7]

Moreover, it is evident that Lead Plaintiffs intended to maintain the Underwriter Defendants as Section 11 defendants in the Consolidated Complaint. First, the Underwriter Defendants are clearly named as defendants under the Securities Act claims arising from the Preferred B Offering and the Preferred C Offering in paragraphs 5 and 6 of the Consolidated Complaint, stating: "The defendants in this sub-class are … the Preferred B Underwriter Defendants (defined below under the heading "Parties")," and "The defendants in this sub-class are … the Preferred C Underwriter Defendants (defined below under the heading "Parties")," respectively. Paragraphs 5 and 6 expressly state that these claims are brought under both Sections 11 and 12.

Second, the Underwriter Defendants were clearly identified as the underwriters of the Preferred B Offering and the Preferred C Offering in the "Parties" section of the Consolidated Complaint. ¶¶ 62-78. In Subsection V F of the Complaint, the Underwriter Defendants were collectively referred to, respectively, as the "Preferred B Underwriter Defendants" and the "Preferred C Underwriter Defendants." ¶¶ 69, 79. Third, all of these paragraphs pertaining to the

---

[7] Even if the Consolidated Complaint is deemed to have superseded the Section 11 claims asserted in the initial class action complaints, only about three-and-a-half months of the statute of limitations have run since the April 3, 2009 filing of the Consolidated Complaint. This is so because the "truth" began to "emerge" on June 18, 2008 (¶¶ 28, 111) and the initial action was filed by the Eshe Fund on June 20, 2008. The alleged class period runs through and including June 17, 2008. Therefore, at most, only two days are added to the three and one-half months for limitations purposes. Thus, there is no issue as to the timeliness of the Section 11 claims in the Corrected Complaint. *See* 15 U.S.C. § 77m ("No action shall be maintained to enforce any liability created under Section 11 or 12(a)(2) of this title unless brought within one year after the discovery of the untrue statement or the omission, or after such discovery should have been made by the exercise of reasonable diligence, or, if the action is to enforce a liability created under Section 12(a)(1), unless brought within one year after the violation upon which it is based. In no event shall any such action be brought to enforce a liability created under Section 11 or 12(a)(1) more than three years after the security was bona fide offered to the public, or under Section 12(a)(2) of this title more than three years after the sale.")

3

Underwriter Defendants were incorporated by reference in the Section 11 claims at Counts VI and IX. ¶¶ 164, 197. Thus, the Underwriter Defendants have been sufficiently identified as Section 11 defendants and the scrivener's error was merely omitting the Underwriter Defendants from the headings of Counts VI and IX and explicitly re-alleging their inclusion in those counts.

The Consolidated Complaint can fairly be construed to assert Section 11 claims against the Underwriter Defendants, consistent with the pleading provisions of the Federal Rules of Civil Procedure, including Rule 8(d)(1) which disavows any technical form for pleading, stating that "[n]o technical form is required," and Rule 8(e) which requires that "[p]leadings must be construed so as to do justice." *See also Schwartz v. Celestial Seasonings,* 124 F.3d 1246, 1252 (10th Cir. 1997) (applying these Rule 8 pleading concepts in a federal securities fraud case).

The Sixth Circuit has also embraced the notion that pleadings should be liberally construed to prevent typographical errors from being a bar to justice. *See Minadeo v. ICI Paints*, 398 F.3d 751, 762 (6th Cir. 2005) ("We will construe pleadings 'liberally in order to prevent errors in draftsmanship from barring justice to litigants.'") (quoting *Ritchie v. United Mine Workers*, 410 F.2d 827, 833 (6th Cir. 1969) (citing Fed. R. Civ. P. 8(f)). Furthermore, where a court recognizes a typographical error in a pleading, amendment of the pleading is not necessary.[8] *See, e.g., Dillard v. Victoria M. Morton Enters.,* Civ. No. 08-1339 FCD/GGH, 2008 U.S. Dist. LEXIS 79588, at *25-26 (E.D. Cal. Oct. 7, 2008) (noting that where the headings on two claims were the same, but the substance of the allegations was different, the court denied defendants' motion to dismiss the latter claim as "redundant," stating: "However, the court recognizes this error here and does not require plaintiffs to amend their complaint."); *Citigroup,*

---

[8] Leave to amend pursuant to Rule 15(a) is not invoked by this motion because the proposed Corrected Complaint is not a substantive amendment, but rather a correction of a scrivener's error.

4

*Inc. v. Wachovia Corp.*, 613 F. Supp. 2d 485, 493 (S.D.N.Y. 2009) (court refused to base federal jurisdiction on a typographical error by plaintiff's counsel where the body of the complaint did not contain any allegations based on a federal statute, but the prayer for relief inadvertently referenced a federal statute, which plaintiff's counsel meant to delete).

      **C.**      **The Underwriter Defendants Will Not Be Prejudiced By The Filing Of The Corrected Complaint; Indeed, The Brief In Support Of The Dismissal Motion Demonstrates That Despite The Scrivener's Error, The Underwriters Considered Themselves Defendants On The Section II Claims Concerning The Preferred B and Preferred C Offerings**

Since the Underwriter Defendants have already been named as defendants in both the initial class action complaints and the Consolidated Complaint, and the Consolidated Complaint already alleges Section 11 claims arising from the Preferred B Offering and the Preferred C Offering, there is no prejudice to the Underwriter Defendants by allowing Lead Plaintiffs to file the Corrected Complaint. Indeed, the Underwriter Defendants have apparently surmised that they were intended to be included among the Section 11 defendants and hedged their bets by joining the other defendants in moving to dismiss the Section 11 claims. *See* Def. Mem. at 74-85. Arguments in support of the motion to dismiss the Section 11 claims are explicitly advanced on behalf of the Underwriter Defendants. *See, e.g.*, Def. Mem. at 84 ("Plaintiffs do not even attempt to demonstrate scienter with respect to the Director or ***Underwriter Defendants***, much less raise factual allegations that would permit the court to infer more than the mere possibility that the Director and ***Underwriter Defendants*** acted with scienter.") (Emphasis added). The Underwriter Defendants' participation in the substantive briefing on the Section 11 claims belies their contention that they have only been sued under Section 12(a)(2). Thus, Lead Plaintiffs should be permitted to file the Corrected Complaint and there should be no delay on briefing on

5

the pending motions to dismiss. The briefing schedule need not be impacted by the filing of the Corrected Complaint.

## III. CONCLUSION

Based on the foregoing, Lead Plaintiffs respectfully request that the Court grant their motion for leave to file the Corrected Complaint.

Dated: July 27, 2009

By:     /s/ Phyllis E. Brown

Phyllis E. Brown, Esq.
**LAW OFFICES OF PHYLLIS E. BROWN**
119 East Court Street
Cincinnati, Ohio 45202
Phone: (513) 241-0061
Fax: (513) 621-7086

*Liaison Counsel for Plaintiffs and the Class*

Sherrie R. Savett, Esq.
Barbara A. Podell, Esq.
Eric Lechtzin, Esq.
**BERGER & MONTAGUE, P.C.**
1622 Locust Street
Philadelphia, Pennsylvania 19103
Phone: (215) 875-3000
Fax: (215) 875-4604
E-mail: ssavett@bm.net
E-mail: bpodell@bm.net
E-mail: elechtzin@bm.net

Paul J. Geller, Esq.
Jack Reise, Esq.
Stephen R. Astley, Esq.
**COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP**
120 E. Palmetto Park Road, Suite 500
Boca Raton, Florida  33432-4809
Phone:  (561) 750-3000
Fax:  (561) 750-3364 (fax)
E-mail:  pgeller@csgrr.com
E-mail:  jreise@csgrr.com
E-mail:  sastley@csgrr.com

*Co-Lead Counsel for Plaintiffs and the Class*

Daniel W. Krasner, Esq.
Robert B. Weintraub, Esq.
**WOLF HALDENSTEIN ADLER FREEMAN
  & HERZ LLP**
270 Madison Avenue
New York, New York 10016
Phone:  (212) 545-4600
Fax:  (212) 545-4653
E-mail:  krasner@whafh.com
E-mail:  weintraub@whafh.com

Michael R. Schmidt, Esq., Ohio Atty. No. (0022999)
Donald J. Rafferty, Esq., Ohio Atty. No. (0042614)
**COHEN, TODD, KITE & STANFORD, LLC**
250 East Fifth Street, Suite 1200
Cincinnati, OH 45202
Phone:  (513) 421-4020
Fax:  (513) 241-4495
E-mail:  mschmidt@ctks.com
E-mail:  drafferty@ctks.com

*Co-counsel for Plaintiff Leon H. Loewenstine as
Proposed Class Representative for the Preferred C Class*

## **CERTIFICATE OF SERVICE**

     I hereby certify that on July 27, 2009, I caused a copy of the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record who are registered on the CM/ECF system.

                      /s/ Phyllis E. Brown
                           Phyllis E. Brown, Esq.

malta485491-006