UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| LOCAL 295/LOCAL 851 IBT EMPLOYER GROUP PENSION TRUST AND WELFARE FUNDS AND DISTRICT NO. 9, *et al.*, | ) ) ) ) ) | Case No. 1:08-cv-421 (Judge Sandra S. Beckwith) (Magistrate Judge Timothy S. Black) |
| Plaintiffs | ) | |
| v. | ) ) | |
| FIFTH THIRD BANCORP, *et al.*, | ) ) | |
| Defendants | ) | |

**OUTSIDE DIRECTORS' REPLY IN SUPPORT
OF MOTION TO DISMISS**

*Preliminary Statement*

This separate Reply focuses on how little Plaintiffs even attempt to allege against the Outside Director Defendants, and Plaintiffs' ultimate failure to state a claim against them.[1] Most of the Complaint excludes the Outside Directors. Crucially, Plaintiffs expressly disclaim any allegation that the Outside Directors *knowingly* made any allegedly untrue statement or misleading omission.[2]

The Private Securities Litigation Reform Act ("PSLRA") safe harbor provision, 15 U.S.C. § 77z-2(c)(1) protects forward-looking statements *unless* made with "actual knowledge . . . that the statement was false or misleading," Since Plaintiffs disclaim any such

---

[1] The Outside Directors are: Darryl F. Allen, John F. Barrett, Ulysses L. Bridgeman, Jr., James P. Hackett, Gary R. Heminger, Joan R. Herschede (deceased), Allen M. Hill, Robert L. Koch, II, Mitchel D. Livingston, Ph.D., Hendrik G. Meijer, James E. Rogers, George A. Schaeffer, Jr., John J. Schiff, Jr., and Dudley S. Taft.
[2] *See* Complaint ¶¶89, 115, 166, 199 ("[T]here is no allegation of fraud, scienter, or recklessness. The only claim is that there were misrepresentations and/or omissions of material fact.").

knowledge on the part of the Outside Directors, any liability *must* be based on an alleged misstatement of historical fact.

Time is divided into what has happened, and what will happen. Because Plaintiffs allege no actionable misstatement of historical fact against the Outside Directors, and these pleadings place any forward-looking statements within the statutory safe harbor, there is no claim stated against the Outside Directors.

Plaintiffs list the names of the Outside Directors, group them for future reference on page 1 of their Opposition to Defendants' Motion to Dismiss (Doc. 88), **and never mention them again, individually or by defined terms, anywhere in their 130-page brief**. In this absence of any specific argument against dismissal of the Outside Directors, it should be granted. The Outside Directors also adopt by reference the Reply filed by Defendants Fifth Third Bancorp, et al, in support of dismissing the Complaint in its entirety.

## *Background*

The Outside Directors are omitted from the definition of "Defendants" in the Complaint.[3] They are thus excluded from virtually all allegations of Complaint §III, "Nature of the Action," pages 2 to 14. Sections IX through XIV of the Complaint — pages 63-207 — are "a separate complaint," not asserted against the Outside Directors. Complaint ¶¶2, 89.[4] The claims brought by the purported class of open-market purchasers of Fifth Third common stock are not made against the Outside Directors. *See* Complaint ¶3. The only claims asserted against the Outside Directors are for alleged violations of Section 11 of the Securities Act of 1933, 15 U.S.C. §77k.[5]

---

[3] *See* Complaint ¶3 ("Defendants Kabat, Marshall and Poston are referred to collectively as the 'Individual Defendants' (the Individual Defendants, together with Fifth Third, are referred to collectively as 'Defendants').")
[4] With the exception of the GAAP allegations set forth at pages 114-119. *See* Complaint ¶2. Plaintiffs do not claim, however, that any of the information disclosed in Fifth Third's financial statements prepared in accordance with generally accepted accounting principles was false, as discussed below.
[5] Those claims are set forth in Count I, by former First Charter shareholders; Count VI, by Preferred B shareholders; and Count IX by Preferred C shareholders.

<u>*Argument*</u>

Plaintiffs fail to state a claim against the Outside Directors.  Section 11 of the Securities Act, 15 U.S.C. § 77k, provides for liability only if a registration statement, when it "became effective, contained an untrue statement of a material fact or omitted to state a material fact required to be stated therein or necessary to make the statements therein not misleading." *Id.* Plaintiffs fail to identify a single material untrue statement or misleading omission that would subject the Outside Directors to liability.  Plaintiffs divide their Section 11 allegations into four categories of alleged misrepresentations and omissions.  *See* Opposition §§IV(C)(1)-(4).  The Outside Directors address the first category (non-performing assets, charge-offs, and reserves) with the second category (capital), then address the third (underwriting standards) and fourth (consideration paid in the First Charter acquisition).

*(1)  **It is undisputed that Fifth Third did not misstate its non-performing assets, charge-offs, reserves, or capital**.*  Plaintiffs point to:

- Fifth Third's disclosure in the Preferred B and Preferred C prospectuses of the amount of its reserves, non-performing assets, and charge-offs.  *See* Opposition at 108-09.

- A statement in the First Charter proxy comparing Fifth Third's reserve levels to First Charter's.  *See id.* at 109.

- Historical data about Fifth Third's capital ratios.  *See* Defendants' Motion to Dismiss (Doc. 78) at 79.

**Plaintiffs do <u>not</u> assert that any of this historical data Fifth Third disclosed about its non-performing assets, charge-offs, reserves, or capital was inaccurate**.

Instead, Plaintiffs jump from Fifth Third's accurate factual disclosures to the complaint that the offering materials did not state that "the credit quality of Fifth Third's loan portfolio was rapidly deteriorating due to the Company's deficient underwriting standards, while the

Company's provision for loan losses was actually decreasing as a percentage of nonperforming assets."[6] Opposition at 109; *see also* Opposition at 113. But the failure to characterize Fifth Third's loan portfolio and underwriting standards as Plaintiffs would characterize them, cannot make the accurate historical data misleading. *See In re Ford Motor Co. Sec. Litig.*, 381 F.3d 563, 570 (6th Cir. 2004) ("[T]he disclosure of accurate historical data does not become misleading" because a company fails to disclose "less favorable results" that it might predict for the future.) (quoting *In re Sofamor Danek Group*, 123 F.3d 394, 401 n.3 (6th Cir. 1997)) (brackets and ellipses omitted).

In *Ford Motor Co.*, plaintiffs also tried to characterize statements as misleading based on later events, when they "allege[d] that Ford made many statements about having experienced earnings improvement and the Explorer having set various sales records that were misleading because Ford knew that such profits and sales were due to its sale of a defective product [the Explorer] and that the eventual public revelation of the defect would affect adversely Ford's financial status." *Id.* The Sixth Circuit rejected this argument, holding that "[b]ecause plaintiffs [had] not alleged the historical inaccuracy of Ford's financial and earnings' statements, such statements are not misrepresentations." *Id.*

Nor can Plaintiffs state a claim based on the alleged ***inadequacy*** of Fifth Third's reserves and capital levels.[7] That is a matter of management that cannot form the basis for a Securities claim. *See Albert Fadem Trust v. Am. Elec. Power Co., Inc.*, 334 F.Supp.2d 985 (S.D. Ohio 2004) (citing *Auslender v. Energy Mgmt. Corp.*, 832 F.2d 354, 357 (6th Cir. 1987); other citations omitted).

---

[6] Fifth Third did disclose, repeatedly, its loan loss reserves as a percentage of its nonperforming assets. *See* Memorandum in Support of Motion to Dismiss at 24, 51.

[7] *See, e.g.*, Opposition at 109 ("Defendants failed to increase reserves to reflect the rapidly deteriorating credit quality of Fifth Third's loan portfolio.").

The PSLRA's safe harbor provision, 15 U.S.C. §77z-2(c)(1), also precludes liability based on an alleged failure to *forewarn* that Fifth Third's reserves and capital might prove inadequate. The safe harbor protects "projections, statements of plans and objectives, and estimates of future economic performance." *Helwig v. Vencor, Inc.*, 251 F.3d 540, 547-48 (6th Cir. 2001). "A plaintiff may overcome this protection only [1] if the statement was material; [2] *if defendants had actual knowledge* that it was false or misleading; *and* [3] if the statement was not identified as forward-looking or lacked meaningful cautionary statements." *Id.* at 548 (emphases and numbering added).[8] Plaintiffs specifically disclaim that the Outside Directors had any such knowledge. The Outside Directors are therefore entitled to dismissal of any claims based on forward-looking statements, including statements (or the failure to make statements) about the ultimate adequacy of Fifth Third's reserves and capital.[9]

Plaintiffs have failed to identify any material untrue or misleading statement or omission based on Fifth Third's accurate disclosure in the Preferred B and C prospectuses and the First Charter proxy of its nonperforming assets, charge-offs, reserves, and capital.

*(2) There are no material untrue statements or misleading omissions regarding Fifth Third's underwriting standards*. Plaintiffs cannot identify a single untrue statement in the

---

[8] "Even if the forward-looking statements are not accompanied by meaningful cautionary statements, defendants are insulated from liability if the plaintiff cannot show that the forward-looking statements were made by or with the approval of an executive officer of the company who had 'actual knowledge' that they were false or misleading." *In re Telxon Corp. Sec. Litig.*, 133 F.Supp.2d 1010, 1032 (N.D. Ohio 2000). Here, Plaintiffs cannot show actual knowledge, and cautionary statements were repeatedly made

[9] "By their very nature, reserve levels are projections of future events and results." *In re Kindred Healthcare, Inc. Sec. Litig.*, 299 F.Supp.2d 724, 733-34 (W.D. Ky. 2004); *see also* Motion to Dismiss at 45-46, 77-78. Plaintiffs attempt to distinguish another case cited by Defendants, *In re Am. Serv. Group, Inc.*, 2009 WL 1348163 (M.D. Tenn. March 31, 2009), by arguing that "[u]nlike the instant loan loss reserves, *where Defendants clearly understood* their current exposure and poor credit quality of the loan portfolio on then-existing information, the medical malpractice exposure discussed in *Am. Serv. Group* dealt with unpredictable future claims based upon presently-undetermined future medical treatments." Opposition at 111 (emphasis added). Plaintiffs have expressly disclaimed any such understanding by the Outside Directors.

Further, while Plaintiffs point out that the safe harbor does not protect statements "included in a financial statement prepared in accordance with generally accepted accounting principles" (*see* Opposition at 112 (citing 15 U.S.C. §77z-2(b))), they do not allege that any of the information disclosed in Fifth Third's financial statements was false.

Preferred B or C prospectuses or the First Charter registration/proxy statement. Instead, they contend those offering materials are misleading because they incorporated other SEC filings that referred to Fifth Third's conservative lending practices. *See* Opposition at 115. These references to "conservative risk management practices" are not material, however, because "companies are not liable under the securities laws merely for being optimistic, and they are not required to be overly pessimistic." *Albert Fadem Trust*, 334 F.Supp.2d at 1025-26 (citing *Novak v. Kasaks*, 216 F.3d 300, 308, 309 (2d Cir. 2000)); *see also* Motion to Dismiss at 42-43. Further, these are statements of opinion, and Plaintiffs fail to allege that the Outside Directors did not believe them. Consequently, they have not alleged a false statement. *See Nolte v. Capital One Fin. Corp.*, 390 F.3d 311, 315 (4th Cir. 2004) ("In order to plead that an opinion is a false factual statement . . . , the complaint must allege that the opinion expressed was different from the opinion actually held by the speaker.") (citing *Virginia Bankshares, Inc. v. Sandberg*, 501 U.S. 1083, 1093 (1991)).

*(3) **There are no material untrue statements or misleading omissions regarding the consideration paid for the First Charter stock.*** The essence of Plaintiffs' allegations as to consideration for the First Charter stock is a failure to predict that Fifth Third's stock price would fall. First Charter shareholders were informed that "the consideration payable in the transaction will be [Fifth Third stock] valued at $31.00 per share at the time of closing." Complaint ¶96. The First Charter shareholders did, as a matter of historical fact, receive stock with that market value at closing. Their complaint that the stock "was not worth $31.00 per share at the time of closing" (Complaint ¶106, emphasis added) arises from subsequent events. Insofar as this complaint goes to failure to predict, liability is again precluded by the safe harbor because Plaintiffs have disclaimed knowledge by the Outside Directors.

Likewise, while Plaintiffs argue there was a "fundamental failure to disclose all *known* material information at the time, particularly that First Charter shareholders were paying too much for the Fifth Third stock they would receive in the merger because the price of Fifth Third stock was artificially inflated by Defendants' material misstatements and omissions" (Opposition at 117 (emphasis added)), the substance of the allegation is that the $31.00 market price predictably would fall. Plaintiffs have disclaimed any knowledge by the Outside Directors when the First Charter offering materials were published, before the First Charter closing, of misstatements at the time that statements were made. The Outside Directors are therefore protected by the safe harbor. There is no basis for liability.

## *Conclusion*

Plaintiffs have identified no material untrue statements or misleading omissions in offering materials for which the Outside Directors can be held liable. Plaintiffs offer no specific opposition to dismissal of the Outside Directors. The claims against the Outside Directors should be dismissed.

Dated:  October 30, 2009                    Respectfully submitted,

/s/ Glenn V. Whitaker
Glenn Virgil Whitaker (0018169)
Mary C. Henkel (0039563)
Dorothea K. Langsam (0082973)
VORYS, SATER, SEYMOUR AND PEASE LLP
221 East Fourth Street
Atrium II, Suite 2000
Cincinnati, Ohio  45202
Telephone:  (513) 723-4000
E-mail: gvwhitaker@vorys.com
             mchenkel@vorys.com
             dklangsam@vorys.com

*Attorneys for Darryl F. Allen, John F. Barrett, Ulysses L. Bridgeman, Jr., James P. Hackett, Gary R. Heminger, Joan R. Herschede, Allen M. Hill,*

-8-

*Robert L. Koch, II, Mitchel D. Livingston, Ph.D., Hendrik G. Meijer, James E. Rogers, George A. Schaeffer, Jr., John J. Schiff, Jr., and Dudley S. Taft*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing was served upon all counsel of record via the Court's ECF system this 30th day of October, 2009.

                                                  /s/ Glenn V. Whitaker
                                                  Glenn Virgil Whitaker