UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| LOCAL 295/LOCAL 851 IBT EMPLOYER GROUP PENSION TRUST AND WELFARE FUNDS AND DISTRICT NO. 9, *et al.*, </br></br>      Plaintiffs,</br></br>vs.</br></br>FIFTH THIRD BANCORP, *et al.*,</br></br>      Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 1:08-cv-00421-SSB-TSB </br></br><u>CLASS ACTION</u> </br></br>Chief Judge Sandra S. Beckwith </br> Magistrate Judge Timothy S. Black |

**LEAD PLAINTIFFS' REPLY IN SUPPORT
<u>OF MOTION TO STRIKE</u>**

Lead Plaintiffs Local 295/Local 851 IBT Employer Group Pension Trust and Welfare Funds and District No. 9, I.A. of M. & A.W. Pension Trust ("The Pension Trust Funds") and Edwin B. Shelton ("Shelton") (collectively, "Lead Plaintiffs" or "Plaintiffs") respectfully submit this reply in support of Lead Plaintiffs' Motion to Strike Extraneous Documents and References Thereto In Defendants' Memorandum in Support of their Motion to Dismiss the Consolidated Class Action Complaint (the "Motion" or "Motion to Strike").[1]

Defendants' accusation that Plaintiffs' Motion to Strike is a litigation tactic rings hollow considering that they have attached more than 1,000 pages of exhibits to their Motion to Dismiss Plaintiffs' Consolidated Class Action Complaint with Memorandum in Support ("Motion to Dismiss") and Reply in Support of their Motion to Dismiss Plaintiffs' Consolidated Class Action Complaint ("Reply").  The vast majority of these exhibits are *not* judicially noticeable, nor are these exhibits integral to the Consolidated Class Action Complaint ("Complaint").  Moreover, Defendants have improperly asked the Court to consider these exhibits for the truth of the matters asserted in them and draw inferences in their favor.  This is wholly improper on a motion to dismiss.

Indeed, in their Opposition, Defendants have failed to provide any basis for the Court to consider Exhibits 1-19, 21-24, and 26 (the "Exhibits").  Rather, they argue that because some of Plaintiffs' allegations pre-date the Class Period, they should be allowed to bring in hundreds of pages of Securities and Exchange Commission ("SEC") filings that pre-date the Class Period, are not cited in the Complaint, and are not integral to it.  In doing so, Defendants ignore that the presumption of truth applies to Plaintiffs' allegations on a motion to dismiss and not to Defendants'

---

[1]  Defendants' Memorandum in Opposition to Plaintiffs' Motion to Strike is hereinafter referred to as the "Opposition."

1

Exhibits. Moreover, Defendants overlook that Plaintiffs' pre-Class Period allegations are necessary for Plaintiffs to establish all of the elements of their claims at the very start of the Class Period.

Similarly, Defendants have failed to demonstrate why 74 pages of newspaper articles, testimony, and commentary should be considered on a Motion to Dismiss. Rather, they appear to have stepped back from the position they took in the Motion to Dismiss, where they asked the Court to consider these Exhibits in their entirety. Now faced with Plaintiffs' Motion to Strike and precedent which demands that articles, testimony, and commentary be stricken, Defendants attempt to boil down 74 pages of their Exhibits 1-18 into 11 purported facts, which they claim are independently verifiable and the only facts for which they use the Exhibits in their Motion to Dismiss. Aside from being patently false (since Defendants attempt to use these Exhibits far more broadly), this argument highlights that Exhibits 1-18 are irrelevant, concern events that occurred months after the end of the Class Period and should be stricken. Indeed, if only eleven facts are necessary, then the Exhibits themselves are clearly extraneous.

Accordingly, Plaintiffs respectfully request that the Court strike the Exhibits, all references to them, and the purported facts derived from them in Defendants' Motion to Dismiss. In the alternative, if the Court considers this information offered by Defendants, Plaintiffs should be entitled to discovery for the purpose of testing whether the documents and facts relied upon by Defendants actually tell the whole story, rather than a selective picture of what Defendants would like this Court to infer.

I. ARGUMENT

    A. **Exhibits 1-18 Should be Stricken**

As detailed in the Motion, Defendants relied on 18 Exhibits – approximately 74 pages – of newspaper articles, commentary and transcripts of Congressional hearings related to the economy and banking industry in their Motion to Dismiss. Motion at 8. Only three of these Exhibits were

dated during the Class Period. Motion at 10. These articles are not judicially noticeable, nor are they central or integral to the Complaint. Motion at 8-10. Moreover, Defendants have improperly asked the Court to consider factual matters asserted in these articles as true and draw inferences from them in their favor. Motion at 10-11. Accordingly, these Exhibits should be stricken.

Defendants wrongly argue that the news reports, commentary and Congressional testimony contained in Exhibits 1-18 "provide a foundation for independently verifiable data" and are properly before the Court. Opposition at 8. They ignore that while these Exhibits may contain some verifiable data, they also contain numerous factual assertions concerning matters that are in dispute, and are being used by Defendants improperly to establish facts or a factual context for their defense to Plaintiffs' allegations, which must be accepted as true. *In re Direct Gen. Corp. Sec. Litig.*, 398 F. Supp. 2d 888, 894 (M.D. Tenn., 2005) (granting motion to strike and refusing to take judicial notice of "the Senate Staff Analysis and Economic Impact Statement and the PIP Impact Report, the Florida Underwriters' article, [and] the Florida Department of Financial Services study" because they "are documents subject to interpretation and explanation and/or offered to establish facts or a factual context for Defendants' defenses to Plaintiffs' allegations").[2]

While Plaintiffs have acknowledged that the Court may take judicial notice that there has been an economic downturn, it is precisely for this reason that the litany of articles, commentary and testimony submitted by Defendants are redundant and extraneous. Motion at 8 n.7. *See also Beaver County Ret. Bd. v. LCA-Vision, Inc.*, No. 07-750, 2009 WL 806714, at *4 (S.D. Ohio Mar. 25, 2009) (holding that "to the extent the articles refer to independently verifiable data, such as consumer

---

[2]   Internal citations are omitted and emphasis is added, unless otherwise noted.

confidence levels, they are ***redundant*** because the Court has already taken judicial notice of the consumer confidence and other economic indicator indexes for the relevant time period.").

The redundancy of Exhibits 1-18 is underscored by Defendants' contention in the Opposition that Exhibits 1-18 provide a foundation for 11 "independently verifiable" facts, which they argue are "the only information referenced in the Motion to Dismiss." Opposition at 8. As an initial matter, Defendants' contention that these 11 facts are the only facts from Exhibits 1-18 referenced in their Motion to Dismiss is entirely disingenuous. Opposition at 8. A careful examination of Defendants' Motion to Dismiss reveals that Defendants have cited to these Exhibits in the Motion to Dismiss for assertions well beyond these 11 facts. *See* Motion to Dismiss at 9 n.4; 18 n.23; 12 n.9; 13 n.17; 16 n.21, and 22. Indeed, in many instances, Defendants cited to these Exhibits for commentary about the economic crisis, which is certainly not "beyond dispute" as Defendants contend.[3] *See Atlas v. Accredited House Lenders Holding Co.*, 556 F. Supp. 2d 1142, 1161 n.7 (S.D. Cal. 2008) (in a sub-prime securities fraud class action, holding that ***newspaper articles concerning remarks by***

---

[3] *See* Motion to Dismiss at 9 (citing Exhibits 1 and 2 and stating that "Plaintiffs seek to hold Defendants liable for failing to predict an unprecedented financial market collapse - described by the Federal Reserve and the International Monetary Fund as the worst financial crisis since the Great Depression - that blindsided and crippled businesses and financial institutions worldwide in 2008."); Motion to Dismiss at 16 (citing Exhibits 16 and 17 and stating that "Fifth Third was not alone in raising concerns regarding the real estate and lending market, but nonetheless not foreseeing the scope of the worldwide financial meltdown of 2008. In March 2007, Federal Reserve Chairman Ben Bernanke testified before Congress that 'the impact on the broader economy and financial markets of the problems in the subprime market seems likely to be contained.' As late as July 2007, Treasury Secretary Henry Paulson expressed his confidence in the economy, stating, 'I think we're at or near the bottom there. I don't deny there's a problem with subprime mortgages but I really do believe its [sic] containable, it's quite containable.'"); and Motion to Dismiss at 18 (citing Exhibit 18 and stating that "According to former Federal Reserve Chairman Alan Greenspan, '[o]n August 9, 2007 and the days immediately following, financial markets in much of the world seized up. Virtually overnight the seemingly insatiable desire for financial risk came to an abrupt halt as the price of risk unexpectedly surged.'").

4

***chairman of the Federal Reserve Bank and materials related to non-defendant companies were extraneous to the complaint and "neither necessary nor appropriate on a motion to dismiss"***").

Additionally, Defendants previously asked the Court to consider these documents in their entirety and not just as support for 11 distinct factual assertions in considering the Motion to Dismiss.  *See* Motion to Dismiss at 11 n.6 ("documents referenced in the Factual Background section and throughout the Motion . . . may be considered by the Court in deciding this Motion to Dismiss.").  Thus, it is evident that Defendants seek to have the Court consider disputed facts, which are not judicially noticeable, far beyond what they now suggest.

Moreover, Defendants' concession that they proffered 74 pages of Exhibits to support only the 11 facts outlined in their Opposition highlights that any materials beyond the 11 facts are clearly extraneous and should be stricken.  As a result, the only facts that remain at issue in this analysis are the 11 facts now proffered by Defendants. Opposition at 8.  Despite this, Defendants fail to establish how Exhibits 1-18 or the 11 facts they have drawn from these documents are central or integral to the Complaint.  These articles, commentary, and testimony attached by Defendants to the Motion to Dismiss, and the 11 facts they have now selectively plucked from them, relate to other companies and concern events that occurred in the third and fourth quarters of 2008 – after the end of the Class Period.  They are not specific to Fifth Third, the Class Period, or Defendants' fraud.  Simply put, Plaintiffs' action is not based on these facts and they are not "integral" or necessary to determining the sufficiency of the pleading of Plaintiffs' claims of Defendants' conduct in making false and misleading statements or omissions during the Class Period.  *See id.*; *see also In re Wash. Mut., Inc., Sec., Derivative & ERISA Litig.*, Nos. 08-MD-1919, 80-387, 2009 WL 1393679, at *2 (W.D. Wash. May 15, 2009) (declining to take judicial notice of administrative reports and newspaper articles pertaining to the economic downturn and deterioration of the housing market because "these

documents are not necessary to decide the issues presented in these motions . . . ."); *In re StockerYale Sec. Litig.*, 453 F. Supp. 2d 345, 348 (D.N.H. 2006) (denying judicial notice of, and striking market commentary that was not "'pertinent to the action' because it is not a document on which plaintiffs' action is based"). *See also In re Wash. Mut., Inc. Sec., Deriv. & ERISA Litig.*, No. 08-md-1919, 2009 U.S. Dist. LEXIS 99727, at * 8-*10 (W.D. Wash. Oct. 27, 2009) (declining to take judicial notice of a "quasi-editorial" *Wall Street Journal* article, audit charters of three other companies, an article from *The New Yorker*, releases from the Office of Thrift Supervision and other government agencies where such materials were not cited in the complaint and were "not necessary to decide the issues presented by the motion.").

Indeed, Defendants' only argument on this point appears to be their assertion that Plaintiffs have conceded that the global economic meltdown of 2008 is "generally relevant." Opposition at 7. However, "generally relevant" is clearly not the standard for considering documents outside the pleadings. The appropriate legal standard, which Defendants themselves have cited, is that a court may consider matters outside the complaint if such materials are "integral." *See* Opposition at 3. A document is integral if a plaintiff relies on it in drafting his complaint. *See In re FirstEnergy Corp. Sec. Litig.*, 316 F. Supp. 2d 581, 592 n.4 (N.D. Ohio 2004) (finding that since defendants did not show how plaintiffs relied on the exhibits, the Court cannot find that they were central to the complaint); *In re Payment Card Interchange Fee and Merch. Disc. Antitrust Litig.*, No. 05-1720, 2008 WL 115104, at *8 (E.D.N.Y. Jan. 8, 2008) (a document is integral to the complaint if it is relevant, a plaintiff relies on it in drafting his complaint, and the authenticity and accuracy of the document are undisputed); *see also StockerYale*, 453 F. Supp. 2d at 348. Thus, although a document may be "relevant," this does not mean that it is integral to a complaint for purposes of consideration

on a motion to dismiss.  *See Beaver*, 2009 WL 806714, at *4.  *See also Hotel Employees and Rest. Employees Local 2 v. Vista Inn Mgmt. Co.*, 393 F. Supp. 2d 972, 980 (N.D. Cal. 2005).

This is illustrated by the court's decision in *Beaver*, where the court struck newspaper articles proffered by Defendants because although they were ***relevant***, they were not ***integral*** to the Complaint:

> Defendants provide the Court with articles from Fortune Small Business, Business Week, The Wall Street Journal, and The New York Times which concern LCA and consumer confidence during the Class Period. In particular, these articles discuss the positive economic outlook in early 2007, the declining economic indicators and consumer confidence in the fall of 2007, and the connection between poor consumer confidence and the decreased demand for lasik vision correction surgery. Defendants urge the Court to take judicial notice of these documents because they reflect market phenomena and place into context the challenged statements of the Defendants. Plaintiff argues that Defendants rely on these articles to rebut the Complaint's allegation that LCA's stock dropped because of the Defendants' fraud.
>
> The Court cannot conclude that these articles, ***albeit relevant to Plaintiff's claims, are integral to the Complaint.*** Further, to the extent the articles refer to independently verifiable data, such as consumer confidence levels, they are redundant because the Court has already taken judicial notice of the consumer confidence and other economic indicator indexes for the relevant time period. ***Accordingly, Plaintiff's motion to strike Appendixes 41 through 44 and 46 through 48 is GRANTED.***

*Beaver*, 2009 WL 806714, at *4.  As in *Beaver*, even if the Court were to consider Exhibits 1-18 or Defendants' 11 purported facts to be relevant to Plaintiffs' claims, they are not integral to the Complaint and should be stricken.  *Id.*

In addition to the fact that Exhibits 1-18 are not judicially noticeable and are not integral to the Complaint, Defendants do not rely on these materials for the mere fact of publication, but rather for the truth of their content and to rebut Plaintiffs' allegations of Defendants' fraud.  Motion at 10-

7

11.[4]  This is improper.  Thus, even assuming *arguendo* Defendants' 11 facts are judicially noticeable, it is still improper for the Court to draw inferences about Fifth Third's operations or Defendants' fraud from these facts.  *See In re 2007 Novastar Fin., Inc., Sec. Litig.*, No. 07-0139, 2008 WL 2354367, at * 1 (W.D. Mo. June 4, 2008) ("just as the Court could take judicial notice of the fact that the country suffered from the Great Depression in the 1930s, the Court cannot use that fact to infer anything in particular about a business operating at the time.").  While Defendants assert that they do not ask the Court to resolve any factual issues regarding the economic meltdown, they do not dispute that they have asked the Court to consider Exhibits 1-18 for the truth of the statements they contain or draw inferences in their favor.  As in *Novastar*, and as detailed in the Motion to Strike, this is entirely improper on a motion to dismiss and Exhibits 1-18 should be stricken.  Motion at 11.

### B. Exhibits 19, 21-24, and 26 Should Be Stricken

The crux of Defendants' argument that Exhibits 19, 21-24, and 26 should not be stricken is that since the Complaint contains allegations concerning the pre-Class Period conduct of Defendants, and cites pre-Class Period documents, Defendants are entitled to attach pre-Class Period SEC filings to their Motion to Dismiss.  Opposition at 4-7.  This argument ignores the well-settled standard on a motion to dismiss: "In evaluating a motion to dismiss, the court must ***construe the complaint in the light most favorable to the plaintiff***, ***accept its factual allegations as true, and draw reasonable inferences in favor of the plaintiff***."  *Macula v. Lawyers Title Ins. Corp.*, No. 07-1545, 2008 U.S.

---

[4]  For example, Defendants argue that the Complaint alleges fraud-by-hindsight, *i.e.*, that Defendants are being blamed for not anticipating the financial downturn and taking appropriate action.  Motion at 8 (citing Motion to Dismiss at 29-33; 38-44).  Moreover, Defendants also argue that the deterioration of the Company's loan portfolio and erosion of its tier 1 capital were caused solely by macro-economic factors rather than their misconduct.  Motion at 8 (citing Motion to Dismiss at 70-72).  These arguments are clearly improper on a motion to dismiss.

Dist. LEXIS 90468, at *4 (N.D. Ohio Aug. 14, 2008) (citing *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) *cert. denied*, 128 S. Ct. 1876 (2008)); *Bell Atl. v. Twombly*, 550 U.S. 544, 556 (2007) (advocating a plausibility analysis based on the facts contained in a complaint and accepted as true); *Direct Gen.*, 398 F. Supp. 2d at 894 (holding that "this stage of the litigation is not the time to compare the parties' respective collections of supporting facts and inferences" and that "[f]actual matters cannot be decided on a motion to dismiss . . . ."). Thus, at the motion to dismiss stage, Plaintiffs are entitled to rely on "pre-Class Period" documents to support their Class Period claims, and to receive the presumption of truth on them. Defendants, on the other hand, are not simultaneously free to introduce documents outside the Complaint and are never entitled to receive the presumption of truth.

Defendants' argument also ignores that in the Complaint, Plaintiffs are required to establish every element of their claim (particularly falsity and scienter) as of the first day of the Class Period, which begins with Defendants' first alleged false statement made with scienter. Thus, necessarily, to properly plead their claims, Plaintiffs' Complaint relies on factual information that pre-dates the Class Period. This does not open the door for Defendants to attach hundreds of pages of pre-Class Period SEC filings not cited in the Complaint, nor integral to it. *See FirstEnergy*, 316 F. Supp. 2d at 591 (SEC filings may only be considered if they are integral to the complaint); *Connolly v. Dresdner Bank AG*, No. 08-5018, 2009 WL 1138712, at *4 (S.D.N.Y. Apr. 27, 2009) (holding that where SEC filings were not attached to the complaint nor incorporated by reference, and there was no indication that the plaintiff necessarily relied upon these reports or that they were integral to the complaint, they could not be considered as part of the pleadings); *In re Century Bus. Servs. Sec. Litig.*, No. 99-02200, 2002 U.S. Dist. LEXIS 26964, at *23 (N.D. Ohio June 27, 2002) (refusing to consider Form S-4 since it was neither quoted nor referenced in the complaint nor integral to any statement made in

9

the complaint). If Defendants were allowed to attach extraneous documents from any time period mentioned in a complaint, then such an exception would swallow the rule disallowing extraneous information to be considered as part of the pleadings on a Motion to Dismiss.[5] In short, Plaintiffs have not relied on Exhibits 19, 21-24, and 26, and thus they are not integral to the Complaint. *See FirstEnergy*, 316 F. Supp. 2d at 592 n.4; *Payment Card*, 2008 WL 115104, at *8.

Even if the Court were to find that Exhibits 19, 21-24, and 26 are integral to the Complaint -- which they are not -- these Exhibits may only be considered for their existence and not the truth of their contents. *In re Luxottica Group S.p.A., Sec. Litig.*, 293 F. Supp. 2d 224, 230 (E.D.N.Y. 2003) (even if a court may take judicial notice of the contents of relevant SEC filings, it may not do so "to prove the truth of their contents, but only to determine what the documents stated."); *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002) (holding that SEC filings could "only be considered to show their contents, not to prove the truth of matters asserted therein"); *Lovelace v. Software Spectrum*, 78 F.3d 1015, 1018 (5th Cir. 1996) (if public disclosure documents such as SEC filings are admitted while deciding upon a motion to dismiss, such documents "should be considered only for the purpose of determining what statements the documents contain, not to prove the truth of the documents' contents"). Despite this, as detailed in the Motion, Defendants have improperly asked the Court to consider these Exhibits for their truth and draw inferences in their favor. Motion

---

[5] Defendants' attack on Plaintiffs' confidential witnesses is irrelevant to whether the Court should strike Defendants' Exhibits. Reply at 6. The confidential witnesses provide critical information concerning Defendants' fraud, such as the Company's changed underwriting and lending practices that turned into actionable securities fraud when Defendants lied about lending and underwriting standards on the first day of the Class Period. Again, the fact that the Complaint made averments predicated on pre-Class Period information does not automatically open the door to the introduction of extraneous documents outside of the Complaint. The fact that some of the witnesses left the Company prior to the Class Period has no bearing on the Court's consideration of documents improperly attached to Defendants' Motion to Dismiss.

at 13-14.  Indeed, they have not even disputed their attempt to utilize these Exhibits for this improper purpose.  Accordingly, Exhibits 19, 21-24, and 26 should be stricken.[6]

## II.     Conclusion

For the foregoing reasons, and as detailed in their Motion to Strike, Plaintiffs respectfully request that this Court grant Plaintiffs' Motion to Strike Defendants' Exhibits 1-19, 21-24, and 26, as well as Defendants' references to these Exhibits in their Motion.  In the alternative, if the Court considers the information contained in the Exhibits Defendants have submitted, thus converting this motion to a summary judgment motion, Plaintiffs ask for an opportunity to conduct discovery as to these potentially dispositive issues and to submit relevant evidence on these issues pursuant to Fed. R. Civ. P. 56(f).[7]

DATED:  November 13, 2009

          **LAW OFFICES OF**
          **PHYLLIS BROWN, L.L.C.**

          /s/ PHYLLIS E. BROWN
          PHYLLIS E. BROWN

---

[6] Curiously, Defendants have included an argument on loss causation in their Opposition. Opposition at 9 n.3.  Plaintiffs have not disputed that the Court may take judicial notice of historical stock quotes.  In fact, Plaintiffs did not move to strike Defendants' Exhibits 45-47, which contain Fifth Third's historical stock price data.  Accordingly, Defendants' argument as to Fifth Third's stock price data is irrelevant to whether Exhibits 1-19, 21-24 and 26 should be stricken.  To the extent the Court considers this argument, Plaintiffs have fully addressed Defendants' loss causation arguments in their Omnibus Opposition to Defendants' Motion to Dismiss the Consolidated Class Action Complaint.  *See* Omnibus Opposition at 93-100.

[7] Defendants do not address, and thus concede, that should the Court consider the Exhibits, it would transform the Motion to Dismiss into a motion for summary judgment under Rule 12(b)(6), entitling Plaintiffs to discovery on the matters raised by or related to the Exhibits.  Motion at 14-16.

119 East Court Street
Cincinnati, OH  45202
(513) 241-0061 Phone
(513) 621-7086 Fax

*Liaison Counsel for Lead Plaintiffs*

**COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS, LLP**
JACK REISE
STEPHEN R. ASTLEY
ELIZABETH A. SHONSON
120 E. Palmetto Park Road, Suite 500
Boca Raton, FL  33432-4809
(561) 750-3000 Phone
(561) 750-3364 Fax
E-mail:  jreise@csgrr.com
E-mail:  sastley@csgrr.com
E-mail:  eshonson@csgrr.com

**BERGER & MONTAGUE, P.C.**
SHERRIE R. SAVETT
BARBARA A. PODELL
ERIC LECHTZIN
1622 Locust Street
Philadelphia, PA  19103
(215) 875-3000 Phone
(215) 875-4604 Fax
E-mail:  ssavett@bm.net
E-mail:  bpodell@bm.net
E-mail:  elechtzin@bm.net

*Co-Lead Counsel for Lead Plaintiffs*

**WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ, LLP**
DANIEL W. KRASNER
ROBERT B. WEINTRAUB
270 Madison Avenue
New York, NY  10016
(212) 545-4600 Phone
(212) 545-4653 Fax
E-mail:  krasner@whafh.com
E-mail:  weintraub@whafh.com

          **COHEN TODD KITE**
            **& STANFORD, LLC**
MICHAEL R. SCHMIDT
DONALD J. RAFFERTY
250 East Fifth Street, Suite 1200
Cincinnati, OH 45202
(513) 421-4020 Phone
(513) 241-4495 Fax
E-mail:  mschmidt@ctks.com
E-mail:  drafferty@ctks.com

*Co-counsel for Plaintiff Leon H. Lowenstine as*
*Proposed Class Representative for the*
*Preferred C Class*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 13, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

           /s/ PHYLLIS E. BROWN
           PHYLLIS E. BROWN