**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| The Eshe Fund, individually, and on behalf of All Those Similarly Situated, | ) Case No. 1:08-cv-421 ) |
| Plaintiffs, | ) (Judge Sandra S. Beckwith) ) (Magistrate Judge Sharon L. Ovington) ) |
| vs. | ) ) |
| Fifth Third Bancorp, *et al.*, | ) ) |
| Defendants. | ) |

ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

EXHIBIT A

WHEREAS, a consolidated action is pending before this Court styled *The Eshe Fund vs. Fifth Third Bancorp, et al.*, No. 1:08-cv-421 (SSB) (the "Litigation");

WHEREAS, the parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order approving the settlement of this Litigation, in accordance with a Stipulation of Settlement dated as of April 12, 2013 (the "Stipulation"), which, together with the exhibits annexed thereto, set forth the terms and conditions for a proposed settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the exhibits annexed thereto; and

WHEREAS, all defined terms herein have the same meanings as set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court does hereby preliminarily approve the Stipulation and the settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

2. A hearing (the "Settlement Hearing") shall be held before this Court on October 21, 2013, at 9:00 a.m., at the United States District Court for the Southern District of Ohio, Potter Stewart U.S. Courthouse, Room 822, 100 East Fifth Street, Cincinnati, Ohio 45202 to determine whether the proposed settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved by the Court; whether a Judgment as provided in ¶1.11 of the Stipulation should be entered; whether the proposed Plan of Allocation should be approved; and to determine any amount of fees and expenses that should be awarded to Lead Counsel and any award to Plaintiffs for their representation of the Class.

3. This Court preliminarily finds, solely for purposes of effectuating this settlement, the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and (b)(3) have been satisfied in that (a) the Members of the Class are so numerous that joinder of all Settlement Class Members in the Litigation is impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual questions; (c) the claims of the Plaintiffs are typical of the claims of the Class; (d) Plaintiffs and Co-Lead Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Class; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, solely for purposes of effectuating this settlement, this Litigation as a class action on behalf of all persons or entities who purchased or otherwise acquired: (i) the common stock of Fifth Third Bancorp issued pursuant to Fifth Third's November 29, 2007 Registration/Proxy Statement/Prospectus in connection with the First Charter Merger ("First Charter Shares"); (ii) shares of Fifth Third Capital Trust VI, 7.25% Trust Preferred Securities pursuant or traceable to Fifth Third's October 23, 2007 Final Prospectus Supplement ("Preferred B Shares"); and/or (iii) shares of Fifth Third Capital Trust VII, 8.875% Trust Preferred Securities pursuant or traceable to Fifth Third's April 29, 2008 Final Prospectus Supplement ("Preferred C Shares") and who were damaged thereby. Excluded from the Class are Defendants, the officers

and directors of the corporate Defendants, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which any Defendant has or had a majority interest. Plaintiffs are preliminarily certified as the Class Representatives; and Co-Lead Counsel are preliminarily appointed as Settlement Class counsel.

5. The Court approves the form, substance, and requirements of: the Notice of Proposed Settlement of Class Action ("the Notice"), the Proof of Claim and Release ("the POC"), and the Summary Notice ("the Summary Notice"), annexed hereto as Exhibits A-1, A-2, and A-3 respectively. The Court further finds that the form, content, and mailing of the Notice, the publishing of the Summary Notice, and the posting of the Stipulation, the Notice, and the POC on the Claims Administrator's website meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 27 of the Securities Act of 1933, as amended 15 U.S.C. §77z-1(a)(7), including the Private Securities Litigation Reform Act of 1995, and due process, and constitute the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

(a) Pursuant to Rule 53(c) of the Federal Rules of Civil Procedure, the Court appoints Heffler Claims Group ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(b) Not later than July 10, 2013 (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the POC, substantially in the forms annexed as Exhibits A-1 and A-2 hereto, to be mailed by first class mail to all Class Members who can be identified with reasonable effort; and to be posted on its website at www.fifththirdsecuritiessettlement.com;

(c) Not later than July 22, 2013, the Claims Administrator shall cause the Summary Notice substantially in the form annexed as Exhibit A-3 hereto to be published once in the national edition of *Investor's Business Daily* and the *Business Wire*;

(d) Not later than July 10, 2013, the Claims Administrator shall post on its website at www.fifththirdsecuritiessettlement.com.com, the Stipulation, Notice and the POC; and

(e) Not later than October 7, 2013, Lead Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

6. Nominees, brokers or omnibus account holders who purchased or otherwise acquired: (i) the common stock of Fifth Third Bancorp (issued in connection with the First Charter Merger (the "First Charter Shares"); (ii) Preferred B Shares; and (iii) the Preferred C Shares for the benefit of another Person shall be requested to send the Notice and POC to all such beneficial owners of shares of the Fund within ten (10) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and the POC to such beneficial owners. Lead Counsel shall promptly bring to this Court's attention and request a conference or a ruling from the Court where necessary on any issues relating to a nominee, broker or omnibus account's duty and obligation to provide to the Claims Administrator beneficiary or a subaccount holder's identity and transactional information in a usable, economic and efficient form.

7. All fees, costs, and expenses incurred by the Claims Administrator or Lead Counsel in identifying and notifying members of the Class and administering claims of the Class shall be paid from the Settlement Fund.

8. All members of the Class shall be bound by all determinations and judgments in the Litigation concerning the settlement, whether favorable or unfavorable to the Class.

9. Class Members who wish to receive a distribution from the Net Settlement Fund shall sign and return the POC in accordance with the instructions contained therein. Unless the Court orders otherwise, all POCs must be submitted no later than ninety (90) calendar days from the Notice Date. Any Class Member who does not timely submit a POC within the time provided shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but shall nevertheless be bound by any final judgment entered by the Court. Notwithstanding the foregoing, Lead Counsel shall have the discretion to accept late-submitted POCs for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed.

10. Any member of the Class may enter an appearance in the Litigation, at his, her, or its own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Lead Counsel.

11. Any Person falling within the definition of the Class may, upon request, be excluded or "opt out" from the Class. Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), postmarked no later than September 20, 2013. A Request for Exclusion must be signed and state the name, address, and telephone number of the Person requesting exclusion, and must also state that the Person wishes to be excluded from the Class. In addition, in order to assist in the claims administration process, the Notice and/or the Summary Notice may request that a Request for Exclusion state: (a) the Person's purchases of the different securities identified in the definition of the Class, including the dates, the amount of Fifth Third securities purchased, and price paid for each such purchase; and/or (b) the

Person's sales of the different securities identified in the definition of the Class, including the dates, the amount of Fifth Third securities sold, and price received for each such sale. The Notice and/or Summary Notice may also request that proof of the Person's purchases and sales referenced in the Request for Exclusion be submitted for the Request for Exclusion to be valid. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or any Final Judgment.

12. Lead Counsel shall cause to be provided to Defendants' counsel copies of all Requests for Exclusion as expeditiously as possible and, in any event, no later than fourteen (14) days prior to the Settlement Hearing.

13. Any member of the Class may appear and show cause, if he, she, or it has any reason why the proposed settlement of the Litigation should not be approved as fair, reasonable and adequate, or why a Judgment should not be entered thereon, why the Plan of Allocation should not be approved, why attorneys' fees and expenses should not be awarded to counsel for Plaintiffs or an award to Plaintiffs for their representation of the Class; provided, however, that no Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed settlement, or, if approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or any attorneys' fees and expenses to be awarded to counsel for Plaintiffs, unless written objections and copies of any papers and briefs are received by Jack Reise, Robbins Geller Rudman & Dowd LLP, 120 East Palmetto Park Road, Suite 500, Boca Raton, FL 33432; Sherrie R. Savett, Berger & Montague, P.C., 1622 Locust Street, Philadelphia, PA 19103; James E. Burke, Keating Muething & Klekamp PLL, One East Fourth Street, Suite 1400, Cincinnati, OH 45202; Glenn Virgil

Whitaker, Vorys, Sater, Seymour and Pease LLP, 221 East Fourth Street, Suite 2000, Cincinnati, OH 45202; and, Adam S. Hakki, Shearman & Sterling LLP, 599 Lexington Avenue, New York, NY 10022, on or before September 20, 2013; and said objections, papers and briefs are filed with the Clerk of the United States District Court for the Southern District of Ohio, on or before September 20, 2013. Any Member of the Class who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness or adequacy of the proposed settlement as incorporated in the Stipulation, to the Plan of Allocation, and to the award of attorneys' fees and expenses to Lead Counsel and the payment of an award to Plaintiffs for their representation of the Class, unless otherwise ordered by the Court.

14. All funds held by the Escrow Agents shall be deemed and considered to be in *custodia legis*, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

15. All papers in support of the settlement, Plan of Allocation and any application by counsel for Lead Plaintiffs for attorneys' fees and expenses shall be filed and served no later than fourteen (14) calendar days prior to the objection deadline in ¶13 and any reply papers shall be filed and served seven (7) calendar days prior to the Settlement Hearing.

16. Neither Defendants nor their Related Parties shall have any responsibility for the administration of the Settlement Fund, the payment or disallowance of claims, the Plan of Allocation or any application for attorneys' fees or expenses submitted by Plaintiffs and Lead Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the settlement.

17. At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, any application for attorneys' fees and expenses, and any award to Plaintiffs for their representation of the Class, should be approved.

18. All reasonable expenses incurred in identifying and notifying Class Members as well as administering the Settlement Fund shall be paid as set forth in the Stipulation. In the event the Court does not approve the settlement, or it otherwise fails to become effective, neither Plaintiffs nor any of their counsel shall have any obligation to repay any amounts actually and properly incurred or disbursed pursuant to ¶2.4 or ¶2.5 of the Stipulation.

19. Defendants have denied all liability, fault, violation of law or wrongdoing of any kind in connection with the allegations in the Litigation, and as such, neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants of the truth of any of the allegations in the Litigation, or of any liability, fault, violation of law or wrongdoing of any kind.

20. The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement. The Court may approve the settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

21. Pending final determination of whether the Settlement should be approved, the Plaintiffs, all Class Members, and each of them, and anyone who purports to act on their behalf, shall not institute, commence, or prosecute any action that asserts Released Claims against any Released Person.

22. Upon the entry of final judgment after the Settlement Hearing, the Plaintiffs, all Class Members, and each of them, and anyone who purports to act on their behalf, shall be forever barred from asserting any Released Claims against any Released Person.

23. All proceedings in this Litigation are stayed until further Order of this Court, except as may be necessary to implement the settlement or comply with the terms of the Stipulation.

24. If (a) the Stipulation is terminated by Defendants as provided in ¶7.4 of the Stipulation; or (b) any specified term or condition of the Settlement as set forth in the Stipulation is not satisfied and Lead Counsel or Defendants elect to terminate the Settlement as provided in the Stipulation, then, in any such event, ¶7.5 of the Stipulation shall apply, this Order may not be introduced as evidence or referred to in any actions or proceedings by any Person or entity, and each party shall be restored to his, her or its respective position in this Litigation as it existed as of December 18, 2012.

25. The Court retains jurisdiction over the Litigation to consider all further matters arising out of or connected with the Settlement.

IT IS SO ORDERED.

DATED: June 19, 2013

THE HONORABLE SANDRA S. BECKWITH
UNITED STATES DISTRICT JUDGE